UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GINA H. LLERENA-DONOHUE,<br><br>Defendant | Criminal No. 25-40002<br><br>Violations:<br><br>Count One: Bank Fraud;<br>(18 U.S.C. § 1344)<br><br>Bank Fraud Forfeiture Allegation:<br>(18 U.S.C. § 982(a)(2)(A)) |

INFORMATION

At all times relevant to this Information:

1.  Defendant GINA H. LLERENA-DONOHUE ("LLERENA-DONOHUE") was an individual who resided in Worcester County, Massachusetts.

2.  The Social Security Administration ("SSA") was a federal agency of the United States that administered the Old-Age ("Retirement Benefits"), Survivors, and Disability Insurance Program under the authority of Title II of the Social Security Act of 1935, as amended (42 U.S.C. §§ 401-433).

3.  The Retirement Benefits Program paid monthly cash benefits to beneficiaries who had worked and paid taxes to the SSA. To be eligible for monthly cash benefits, the beneficiary must have reached the age of 62. To have been eligible to receive monthly benefits, the beneficiary must have been alive for the entirety of the prior month.

4.  I.L. was born in 1927 and began to receive SSA Retirement Benefits in 1993.

5.  On or about May 30, 1994, I.L. opened a savings account at Commerce Bank & Trust Company ("Commerce Bank") ending in -4706 (the "-4706 account"), and directed the SSA to deposit her Retirement Benefits in the -4706 account.

6.  Commerce Bank was a financial institution with offices located in the District of Massachusetts, the accounts of which were insured by the Federal Deposit Insurance Corporation.

7.  On or about December 6, 2002, I.L. executed a power of attorney ("POA") allowing LLERENA-DONOHUE to make deposits or withdrawals from I.L.'s financial accounts. The POA further stated that it would be terminated upon I.L.'s death.

8.  On or about December 27, 2002, I.L. added LLERENA-DONOHUE to the signature card for the -4706 account as a POA.

9.  On or about January 29, 2006, I.L. died in Ecuador.

10. On or about October 13, 2017, Commerce Bank was acquired by and merged with Berkshire Bank ("Berkshire Bank").

11. Berkshire Bank was a financial institution with offices located throughout the Eastern United States, including in the District of Massachusetts, the accounts of which were insured by the Federal Deposit Insurance Corporation.

**The Scheme to Defraud**

12. LLERENA-DONOHUE failed to report I.L.'s death to the SSA, Commerce Bank, and Berkshire Bank.

13. Beginning on or about February 1, 2006 through May 31, 2021, LLERENA-DONOHUE engaged in a scheme to defraud and obtain money and property under the custody and control of Commerce Bank and Berkshire Bank by means of false and fraudulent pretenses. After I.L.'s death, LLERENA-DONOHUE regularly withdrew the SSA Retirement Benefits and other funds deposited into the -4706 account intended for I.L. by making counter cash

withdrawals at Commerce Bank and Berkshire Bank branches within the District of Massachusetts using the POA that had terminated upon I.L.'s death.

14. From on or about February 1, 2006 through May 31, 2021, the SSA paid approximately $41,954.20 in benefits on behalf of I.L. that were deposited into the -4706 account and withdrawn by LLERENA-DONOHUE pursuant to the scheme.

### Acts in Furtherance of the Scheme to Defraud

15. On or about October 17, 2018, LLERENA-DONOHUE entered a branch of Berkshire Bank located in Worcester County, MA, and submitted a "Power of Attorney Affidavit of Authority," in which she falsely stated under penalties of perjury that the POA was still in effect because it "had not been revoked or terminated by the death of the principal." After submitting the false affidavit, LLERENA-DONOHUE was permitted to withdraw $3,830 in cash from the -4706 account that same day using a counter withdrawal slip that she completed as "Gina Llerena-Donohue POA [I.L.]"

16. On or about December 17, 2018, LLERENA-DONOHUE entered a branch of Berkshire Bank located in Worcester County, MA, and submitted a "Power of Attorney Affidavit of Authority," in which she falsely stated under penalties of perjury that the POA was still in effect because it "had not been revoked or terminated by the death of the principal." After submitting the false affidavit, LLERENA-DONOHUE was permitted to withdraw $575 in cash from the -4706 account that same day using a counter withdrawal slip that she completed as "POA Gina Llerena-Donohue [I.L.]"

17. On or about July 9, 2019, LLERENA-DONOHUE entered a branch of Berkshire Bank located in Worcester County, MA, and submitted a "Power of Attorney Affidavit of Authority," in which she falsely stated under penalties of perjury that the POA was still in effect

because it "had not been revoked or terminated by the death of the principal." After submitting the false affidavit, LLERENA-DONOHUE was permitted to withdraw $400 in cash from the -4706 account that same day using a counter withdrawal slip that she completed as "[I.L.] POA Gina Llerena-Donohue."

18. On or about July 12, 2019, LLERENA-DONOHUE entered a branch of Berkshire Bank located in Worcester County, MA, and submitted a "Power of Attorney Affidavit of Authority," in which she falsely stated under penalties of perjury that the POA was still in effect because it "had not been revoked or terminated by the death of the principal." After submitting the false affidavit, LLERENA-DONOHUE was permitted to withdraw $650 in cash from the -4706 account that same day using a counter withdrawal slip that she completed as "[I.L.] POA Gina Llerena-Donohue."

19. Following the death of I.L. on January 29, 2006, LLERENA-DONOHUE did not have any lawful authority to use the POA to access the SSA Retirement Benefits paid on behalf of I.L.

COUNT ONE
(Bank Fraud – 18 U.S.C. § 1344)

The United States Attorney charges:

20. The United States Attorney re-alleges and incorporates by reference paragraphs 1-18 of this Information.

21. From on or about February 1, 2006, through May 31, 2021, in the District of Massachusetts, the defendant,

GINA H. LLERENA-DONOHUE,

knowingly executed and attempted to execute a scheme and artifice to defraud a federally insured financial institution, that is, Commerce Bank and Berkshire Bank, and to obtain money and funds owned by and under the custody and control of Commerce Bank and Berkshire Bank, by means of false and fraudulent pretenses, representations, and promises, fraudulently representing she had a power of attorney in effect for I.L., the deceased signatory and owner of a Commerce Bank and Berkshire Bank account ending in -4706, in order to withdraw approximately $41,954.20 in cash.

All in violation of Title 18, United States Code, Section 1344.

## FORFEITURE ALLEGATION
### (18 U.S.C. § 982(a)(2)(A))

The United States Attorney further finds:

1. Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Section 1344, set forth in Count One, the defendant,

**GINA H. LLERENA-DONOHUE,**

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of such offenses. The property to be forfeited includes, but is not limited to, the following:

   a. $41,954.20, to be entered in the form of a forfeiture money judgment.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 982(a)(2), as a result of any act or omission of the defendant --

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 982(a)(2).

LEAH B. FOLEY
UNITED STATES ATTORNEY

By: _____
JAMES J. NAGELBERG
Special Assistant United States Attorney

March 11, 2025